IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEAH ZAMORA,

    Plaintiff,

    v.

SACRAMENTO RENDERING COMPANY; LOTHAR LEHMANN; MICHAEL PATRICK KOEWLER;

    Defendants.

No. Civ. S-05-789 DFL KJM

STATUS (Pre-trial Scheduling) ORDER

After review of the Joint Status Report, the court makes the following order:

## SERVICE OF PROCESS

All parties defendant to this lawsuit have been served and no further service will be permitted except with leave of court, good cause having been shown.

## JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been

1

1  shown.

## JURISDICTION AND VENUE

Jurisdiction and venue are not contested.

## MOTION HEARINGS SCHEDULES

All dispositive motions shall be filed by August 9, 2006. Hearing on such motions shall be on September 6, 2006, at 10:00 a.m.

The time deadline for dispositive motions does not apply to motions for continuances, temporary restraining orders or other emergency applications.

THE OPPOSITION AND REPLY MUST BE FILED BY 4:00 P.M. ON THE DAY DUE.

All purely legal issues are to be resolved by timely pre-trial motions.  The parties are reminded that motions _in_ _limine_ are procedural devices designed to address the admissibility of evidence and are cautioned that the court will look with disfavor upon substantive motions presented at the final pre-trial conference or at trial in the guise of motions _in_ _limine_.  The parties are further cautioned that if any legal issue which should have been tendered to the court by proper pre-trial motion requires resolution by the court after the established law and motion cut-off date, substantial sanctions may be assessed for the failure to file the appropriate pre-trial motion.

The Court places no page limitations upon the length of the parties' briefs;  however, the parties are reminded that brevity is the soul of wit and that it is a rare motion that cannot be

persuasively and thoroughly argued in 20 pages or less.

The Court would appreciate the parties citing California cases to the California Reporter and Supreme Court cases to the Supreme Court Reporter.

### DISCOVERY

All discovery shall be completed by June 23, 2006. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

### DISCLOSURE OF EXPERT WITNESSES

The parties shall make expert witness disclosures under Fed. R. Civ. P. 26(a)(2) by April 7, 2006. Supplemental disclosure and disclosure of any rebuttal experts under Fed. R. Civ. P. 26(a)(2)(C) shall be made by April 21, 2006.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial absent a showing that the necessity for the witness could not have been reasonably anticipated at the time the disclosures were ordered and that the failure to make timely disclosure did not prejudice any other party. See Fed. R. Civ. P. 37(c).

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their reasons therefore, so that they will be able to give full and

complete testimony at any deposition taken by the opposing parties. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

### FINAL PRE-TRIAL CONFERENCE

The final pre-trial conference is set for October 20, 2006, at 2:00 p.m. In each instance an attorney who will try the case for a given party shall attend the final pretrial conference on behalf of that party; provided, however, that if by reason of illness or other unavoidable circumstance the trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client. All pro se parties must attend the pre-trial conference.

Counsel for all parties and all pro se parties are to be fully prepared for trial at the time of the pre-trial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. The parties shall file with the court, no later than seven (7) days prior to the final pre-trial conference, a joint pre-trial statement. Also at the time of filing the Joint Pretrial Statement, counsel are requested to e-mail the Joint Pretrial Statement to Judge Levi's assistant, Mary Kay Lapham at: mlapham@caed.uscourts.gov.

Where the parties are unable to agree as to what legal or factual issues are properly before the court for trial, they should nevertheless list all issues asserted by any of the

parties and indicate by appropriate footnotes the disputes concerning such issues.  The provisions of Local Rule 16-281 shall, however, apply with respect to the matters to be included in the joint pre-trial statement.  Failure to comply with Local Rule 16-281, as modified herein, may be grounds for sanctions.

The parties are reminded that pursuant to Local Rule 16-281(b)(10) and (11) they are required to list in the final pre-trial statement all witnesses and exhibits they propose to offer at trial, no matter for what purpose.  These lists shall not be contained in the body of the final pre-trial statement itself, but shall be attached as separate documents so that the court may attach them as an addendum to the final pre-trial order.  The final pre-trial order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the final pre-trial order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

The parties are also reminded that pursuant to Rule 16, F. R. Civ. P., it will be their duty at the final pre-trial conference to aid the court in: (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must cooperatively prepare the joint pre-trial statement and participate in good faith at the final pre-trial conference

5

with these aims in mind.  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

### TRIAL SETTING

Trial in this matter is set for November 27, 2006, at 9:00 a.m.  The parties estimate a trial length of approximately 6 to 8 court days.

### SETTLEMENT CONFERENCE

No Settlement Conference is currently scheduled.  If the parties wish to have a settlement conference, one will be scheduled at the final pretrial conference or at an earlier time upon request of the parties.

### OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further Order of Court unless objection is lodged within seven (7) days of the date of the filing of this Order.

IT IS SO ORDERED.

Dated: 6/30/2005

_____
DAVID F. LEVI
United States District Judge