IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN OF CALIFORNIA

| | |
|---|---|
| LEAH ZAMORA,<br><br>               Plaintiff,<br><br>   vs.<br><br>SACRAMENTO RENDERING<br>COMPANY, a California corporation; and<br>LOTHAR LEHMAN,<br><br>              Defendants. | Case No. 2:05-cv-00789-JKS<br><br>PROPOSED JURY VOIR DIRE<br>and JURY INSTRUCTIONS |

Attached is a draft of the Court's standard *voir dire* jury questionnaire and general questions for the panel. The parties should review these questions and propose any additional questions deemed appropriate. The parties should keep in mind that the purpose of *voir dire* is not to try one's case pretrial, but to determine which jurors, if any, should be excused because they have, or may have, disqualifying biases, prejudices, *etc*. If a juror responds to a particular question with an answer that raises an issue as to that person's ability to be an impartial juror, the Court will likely allow counsel to later question the juror in open court, out of the presence of the other jurors, for the purpose of determining whether that juror has any prejudices, biases, *etc*. *See* FED. R. CIV. P. 47(a).

The parties must also submit a proposed special verdict form pursuant to Rule 49 of the Federal Rules of Civil Procedure, which addresses each disputed issue of material fact that the parties wish the jury to decide. Failure to include a question in the proposed verdict form may be deemed a waiver of jury trial on that issue.

Also attached is a listing of the standard preliminary and final jury instructions the Court proposes to give the jury. The parties should alert the Court to any standard instruction they believe is inappropriate for this case and explain why the instruction is inappropriate. The parties should also propose instructions pertaining to the specific elements of each claim presented that the parties believe should be included. The instructions pertaining to the specific claims presented will be inserted after the Court's first instruction. If the proposed instruction is either a Ninth Circuit Manual of Model Jury Instruction, California Jury Instructions-Civil (CACI), or California Jury

Instructions-Civil (BAJI), the parties need not re-type the instruction, but may merely list the proposed instructions by number, *e.g.*, Ninth Circuit Model Civil Jury Instruction 1.1 – Duty of Jury; or California Jury Instructions-Civil (BAJI) 3.10 – Negligence and Ordinary Care – Definitions.

  Dated:  August 30, 2007

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

## GENERAL QUESTIONS FOR THE JURY

*Plaintiff v. Defendant*

1.   Does anyone here know or are any of you acquainted with any of the parties in this case?

   [List parties]

2.   Do you know any attorneys or employees from the law offices involved in this case?

   [List attorneys/employees]

3.   Do you know anyone else who is involved in or associated with this trial, such as Court personnel?

4.   Are you aware of anyone who may be called as witnesses in this case?

5.   Do you have any personal knowledge of, or have you read or heard anything about the facts surrounding this case?

6.   Have you or a close relative or friend ever worked for either party?

7.   Is there any other reason that you would like to bring to the Court's attention why you question your ability to decide this case based solely on the evidence presented to you?

**VOIR DIRE JURY QUESTIONNAIRE**

*Plaintiff v. Defendant*

When you are called upon, please stand with the microphone and give the following information to the attorneys, the parties, and the Court.  The microphone is not connected to a loudspeaker, but it does record what you say, so it is necessary that you speak clearly and loudly into it.

If in response to any of the questions you would prefer to answer in private, please so indicate and at a later time you will be asked to come forward and discuss your answer confidentially with the Court and counsel at the bench.

1.      State your name, and spell your last name.  Where were you born, and where were you raised?

2.      What neighborhood do you live in?  How long have you lived in Alaska?

3.      What is your marital status?  What is your spouse's name?  Please give the number of children, their ages, and their occupations if they are adults.

4.      What is the highest level of formal education that you've attained?

5.      What is the name of your employer?  Please give a brief work history, and if you are married, please give your spouse's occupation.

6.      What are your hobbies, interests, and organizations, and any public expressions of your opinions?  For example, do you have any bumper stickers, or any political activity that is public?  Have you ever run for public office?

7.      Are you a citizen of the United States?

8.      Do you have any military service?  Your rank at discharge?

9.      Have you ever served on a jury?  If so, (a) when was that? (b) Was it a civil or a criminal case? (c) Was it a grand jury or a trial jury? (d) Did the jury reach a verdict in that case?

10.     Do you know either of the parties, a lawyer present in the courtroom, or any of the witnesses named by an attorney?

11.     Do you have a special disability or a medical condition which would make it difficult for you to serve as a juror?

12.     Is there any reason you are concerned about your ability to be fair to both sides in this case?

13.     Is there anything else that you feel that the lawyers, parties or the Court should know regarding your jury service?

## PROPOSED JURY INSTRUCTIONS

[*NOTE: Unless otherwise indicated, Instructions are taken from the Manual of Model Civil Jury Instructions promulgated by the U.S. Court of Appeals for the Ninth Circuit and are available for reference on the Ninth Circuit's web page at  http://www.ce9.uscourts.gov/web/sdocuments.nsf/civ, or the California Civil Jury Instructions (CACI) series 100–2300*]

## PROPOSED PRELIMINARY JURY INSTRUCTIONS

| | |
|---|---|
| 1.1A | Duty of Jury |
| 1.2 | Claims and Defenses |
| 10.2A | Civil Rights—TitleVII—Hostile Work Environment—Harassment Because of Protected Characteristics |
| 10.2B | Civil Rights—Title VII—Hostile Work Environment Caused by Supervisor—Claim Based upon Vicarious Liability—Tangible Employment Action—Affirmative Defense |
| CACI 2432 | Constructive Discharge in Violation of Public Policy—Plaintiff Required to Endure Intolerable Conditions for Improper Purpose that Violates Public Policy |
| 10.4A1 | Civil Rights—Title VII—"Adverse Employment Action" in Retaliation Cases |
| 10.4B. | Civil Rights—Title VII—"Tangible Employment Action" Defined |
| 10.4C | Civil Rights—Title VII—"Constructive Discharge" Defined |
| CACI 3025 | Bane Act (Civ. Code, § 52.1)—Essential Factual Elements |
| CACI 3023 | Ralph Act (Civ. Code, § 51.7)—Essential Factual Elements |
| CACI 1300 | Battery—Essential Factual Elements |
| CACI 1301 | Assault—Essential Factual Elements |
| CACI 1302 | Consent Explained |
| CACI 1320 | Intent |
| 1.3 | Burden of Proof - Preponderance of the Evidence |
| 1.4 | Burden of Proof - Clear and Convincing Evidence |
| 1.6 | What Is Evidence |
| 1.7 | What Is Not Evidence |
| 1.8 | Evidence For Limited Purpose |
| 1.9 | Direct and Circumstantial Evidence |
| 1.10 | Ruling on Objections |
| 1.11 | Credibility of Witnesses |
| 1.12 | Conduct of Jury |
| 1.13 | No Transcript Available to Jury |
| 1.14 | Taking Notes |
| 1.19 | Outline of Trial |

## PROPOSED FINAL JURY INSTRUCTIONS

| | |
|---|---|
| 1.1C | Duty of Jury |
| 10.2A | Civil Rights—TitleVII—Hostile Work Environment—Harassment Because of Protected Characteristics |
| 10.2B | Civil Rights—Title VII—Hostile Work Environment Caused by Supervisor—Claim Based upon Vicarious Liability—Tangible Employment Action—Affirmative Defense |

CACI 2432   Constructive Discharge in Violation of Public Policy—Plaintiff Required to Endure Intolerable Conditions for Improper Purpose that Violates Public Policy
10.4A1   Civil Rights—Title VII—"Adverse Employment Action" in Retaliation Cases
10.4B.   Civil Rights—Title VII—"Tangible Employment Action" Defined
10.4C   Civil Rights—Title VII—"Constructive Discharge" Defined
CACI 3025   Bane Act (Civ. Code, § 52.1)—Essential Factual Elements
CACI 3023   Ralph Act (Civ. Code, § 51.7)—Essential Factual Elements
CACI 1300   Battery—Essential Factual Elements
CACI 1301   Assault—Essential Factual Elements
CACI 1302   Consent Explained
CACI 1320   Intent
1.6   What Is Evidence
1.7   What Is Not Evidence
1.8   Evidence for a Limited Purpose
1.9   Direct and Circumstantial Evidence
1.11   Credibility of Witnesses
2.11   Opinion Evidence, Expert Witnesses
2.12   Charts and Summaries Not Received in Evidence
2.13   Charts and Summaries in Evidence
1.3   Burden of Proof—Preponderance of the Evidence
1.4   Burden of Proof—Clear and Convincing Evidence
5.1   Damages —Proof
5.2   Measures of Types of Damages
CACI 2433   Wrongful Discharge in Violation of Public Policy—Damages
CACI 2407   Employee's Duty to Mitigate Damages
5.5   Punitive Damages
1.14   Use of Notes
3.1   Duty to Deliberate
3.2   Communication With Court
3.3   Return of Verdict